PER CURIAM ON REHEARING
Before WILLIAMS, DREW, MOORE, PITMAN & SEXTON (Pro Tempore), JJ.
PER CURIAM.
| j Inasmuch as the awards made in our original opinion exceed the statutory cap of $500,000 imposed by La. R.S. 40:1299.42 B(l) of the Louisiana Medical Malpractice Act, we grant the application for rehearing filed by the Patient’s Compensation Fund for the limited purpose of amending our decree to impose that statutory cap.[1]
Accordingly, we amend our decree to limit the awards against Willis-Knighton Medical Center to the total of One Hundred Thousand Dollars ($100,000), plus legal interest from the date of the filing of the Patient’s Compensation Fund Claim on February 1, 2002, until paid. We further amend our decree to cast the Patient’s Compensation Fund in judgment for Four Hundred Thousand Dollars ($400,000), plus legal interest from the date of the filing of the Patient’s Compensation Fund Claim on February 1, 2002, until paid.
AMENDED AND, AS AMENDED, AFFIRMED.

. In so doing, we find that it is appropriate to allow the $250,000 survival action award to stand in its entirety, but reduce the awards for the derivative claims. See Emily Townsend Black Grey, The Medical Malpractice Damages Cap: What Is Included?, 60 La. L.Rev. 547 (2000); Newsom v. Lake Charles Memorial Hospital, 2006-1468 (La.App. 3d Cir.4/4/07), 954 So.2d 380, writ denied, 2007-0903 (La.6/15/07), 958 So.2d 1198; Todd v. Sauls, 94-10 (La.App. 3d Cir. 12/21/94), 647 So.2d 1366, writs denied, 95-0206, 95-0219 (La.3/24/95), 651 So.2d 289. Consequently, the wrongful death award of $60,000 to each of the 13 children is reduced to $19,063.74 per child, and the award for funeral expenses is reduced from $6,833.72 to $2,171.27.